TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Kimberly Alegria

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Kimberly Alegria,<br><br>           Plaintiff,<br><br>    vs.<br><br>JW, Inc.,<br><br>           Defendant. | Case No.:  2:15-cv-4704<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>   **1. THE FAIR DEBT COLLECTION PRACTICES ACT;**<br>   **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>   **3. THE ELECTRONIC FUND TRANSFER ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Kimberly Alegria (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against JW, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), repeated violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act"), and violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 15 U.S.C. § 1693m(g), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Sun Valley, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a business entity located in Riverside, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12. Within the last year, Defendant contacted Plaintiff in an attempt to collect a debt.

13. On multiple occasions, Defendant threatened Plaintiff with legal action and threatened to garnish her wages if immediate payment was not made.

14. In addition, Defendant contacted Plaintiff's sister regarding an "urgent matter" despite knowing Plaintiff's contact information and despite having been in previous contact with Plaintiff.

15. In or around December of 2014, Plaintiff and Defendant came to a verbal agreement wherein Plaintiff agreed to make $100.00 payments towards the alleged debt on a monthly basis.

16. Accordingly, on December 30, 2014, Plaintiff, via email, authorized Defendant to charge her debit card on January 2, 2015 in the amount of $100.00.

17. On or about January 2, 2015, Defendant debited $100.00 from Plaintiff's account.

18. On January 29, 2015, Plaintiff, via email, authorized Defendant to charge her debit card on January 31, 2015 in the amount of $100.00.

19. On February 2, 2015, Defendant debited $100.00 from Plaintiff's account.

20. On February 2, 2015, Defendant emailed Plaintiff a receipt for payment, noting that Plaintiff had made two payments to date, totaling $200.00, and reflecting an account balance of $8683.00.

4

COMPLAINT FOR DAMAGES

21. On March 2, 2015, Defendant emailed Plaintiff the following message: "Kim, are you going to authorize a payment today for the $100.00 plus the 10 processing fee?"

22. The same day, Plaintiff responded to this email by stating that she was having financial difficulties and that she would "advise of update".

23. At no time did Plaintiff authorize Defendant to charge her debit card for a payment in March of 2015 and at no time did Plaintiff agree to pay a $10.00 "processing fee".

24. Nonetheless, despite knowing that Plaintiff had not authorized a payment, Defendant debited $110.00 from Plaintiff's account on or about March 3, 2015.

25. On March 30, 2015, Defendant's attorney, Bruce Hatkoff, sent a letter to Plaintiff that misstated the amount owed on the alleged debt and threatened to initiate litigation if Plaintiff failed to make a payment.

26. Mr. Hatkoff states in his letter that the current "amount due" on Plaintiff's account is $8883.00, where Defendant's email on February 2, 2015 clearly states a remaining balance on the account in the amount of $8683.00.

27. In addition, Mr. Hatkoff states in his letter, "This letter is purely a courtesy on our part to give you an opportunity to pay this claim without the additional embarrassment and expense of litigation."

5

COMPLAINT FOR DAMAGES

28. Mr. Hatkoff's threat of litigation, along with Defendant's earlier threats of litigation, are intended solely to threaten and pressure Plaintiff, as Defendant did not have authority from the original creditor, P2W Learning Systems, LLC, to initiate litigation when the statements were made.

29. Evidence of this fact is found in Mr. Hatkoff's letter wherein he states, "Unless arrangements are made to pay this outstanding obligation with the undersigned within thirty (30) days from the date of this letter, we will make appropriate recommendations to our client regarding the advisability of initiating a lawsuit to collect the monies owing."

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

30. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

31. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

32. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

33. Defendant's agent communicated with a person other than Plaintiff and identified his employer without being asked to do so, in violation of 15 U.S.C. § 1692b(1).

34. Defendant communicated with a person other than Plaintiff, Plaintiff's attorney, or a consumer-reporting agency regarding Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692c(b).

35. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

36. Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

37. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

38. Defendant misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

39. Defendant, without intending to take such action, represented and/or implied that nonpayment of the alleged debt would result in garnishment of Plaintiff's wages or attachment of Plaintiff's property, in violation of 15 U.S.C. § 1692e(4).

40. Defendant threatened to take action that could not be legally taken or that Defendant did not intend to take, in violation of 15 U.S.C. § 1692e(5).

41. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

42. Defendant collected an amount from Plaintiff that was unauthorized by agreement or law, in violation of 15 U.S.C. § 1692f(1).

43. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

44. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

45. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

46. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

47. Defendant communicated with Plaintiff's family regarding the alleged consumer debt and for a purpose other than to locate the Plaintiff, in violation of Cal. Civ. Code § 1788.12(b).

48. Defendant falsely represented that a legal proceeding had been or was about to be instituted unless the alleged consumer debt was paid, in violation of Cal. Civ. Code § 1788.13(j).

49. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

50. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## COUNT III

## VIOLATIONS OF EFTA, 15 U.S.C. § 1693 et seq.

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Plaintiff maintained an "account" as that term is defined in 15 U.S.C. § 1693a(2).

53. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1693a(6).

54. Defendant caused an electronic funds transfer to occur without having Plaintiff's written authorization to do so, in violation of 15 U.S.C. § 1693e(a).

55. Plaintiff was harmed and is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

F. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1693m(a)(2);

G. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c) and 15 U.S.C. § 1693m(a)(3);

H. Punitive damages; and

I. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  June 22, 2015                    TRINETTE G. KENT

By:   /s/   Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Kimberly Alegria